son the materials, and the judgment of the court merely calls upon Thompson to pay for the goods which he purchased subsequent to the cancellation of the contract between Thompson and Bletcher.

When the rulings of the court are considered in connection with the obviously correct theory of the case, they are not open to objection; and we are of the opinion that the findings of fact are fully supported by the evidence, and the conclusions of law flow naturally from the facts thus found.

The judgment appealed from should be affirmed, with costs. All concur.

---

### SARTORI v. LITCHFIELD CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

ACTION (§ 50*)—JOINDER—ACTIONS FOR TORTS.

Plaintiff sued for the death of his intestate through the alleged negligence of defendants, L. and R., alleging that decedent was an employé of defendant L., and met his death by electricity which came through the wires of R. into a derrick operated by L., about which decedent was at work. The complaint attempted to set forth three causes of action, each numbered separately, two against L. and one against R., to which R. demurred on the ground that the causes of action were improperly united. *Held* that, while in form plaintiff attempted to state separate causes of action against each of the defendants, yet the facts alleged showed only a single cause of action against both defendants as joint tort-feasors, and that the complaint was therefore not demurrable.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 35; Dec. Dig. § 50.*]

Appeal from Special Term, Richmond County.

Action by Vittorio Sartori, as administrator of Edwardo Albino Sartori, deceased, against the Litchfield Construction Company and another. From an order of the Special Term, denying plaintiff's motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion granted, with leave to demurring defendant to apply for leave to withdraw its demurrer and answer the complaint.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Michael Schneiderman, for appellant.
Martin A. Schenck, for respondents.

PER CURIAM. The plaintiff appeals from an order of the Special Term denying his motion for judgment on the pleadings, under section 547 of the Code of Civil Procedure. The action was brought to recover damages for the death of the plaintiff's intestate through the alleged negligence of the defendants, the Litchfield Construction Company and the Richmond Light & Railroad Company. The facts alleged in the complaint show that the decedent was an employé of the defendant Litchfield Construction Company, and met his death

through a charge of electric current which came from the wires of the defendant Richmond Light & Railroad Company into a derrick operated by the defendant Litchfield Construction Company and about which the decedent was at work.

The complaint was framed very inartistically. It attempted to set forth three causes of action, each numbered separately, two of which were set up against the defendant the Litchfield Construction Company, and one of which was set up against the defendant the Richmond Light & Railroad Company. The defendant the Richmond Light & Railroad Company demurred to the complaint on the ground that it appeared on the face thereof—

"that causes of action have been improperly united, in that the causes of action set forth do not affect all the parties to the action."

The plaintiff moved for judgment on the pleadings, on the ground that the demurrer was insufficient. The learned Special Term denied his motion for judgment, and made an order sustaining the demurrer, with taxable costs. While the plaintiff in form appears to have attempted to state separate causes of action against each of the respective defendants, yet the facts set forth in the complaint state only one cause of action, and that against both defendants as joint tort-feasors. Lynch v. Elektron Mfg. Co., 94 App. Div. 408, 88 N. Y. Supp. 70.

In determining the sufficiency of a pleading, the court is not bound by the inartistic form adopted by the pleader, provided the substance of the allegations meets the general requirements of pleading. Under these circumstances, as there was actually but one cause of action pleaded, the demurrer to the complaint was not well taken, and the order sustaining said demurrer was erroneous.

The order of the Special Term should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings should be granted, with $10 costs, with leave to the defendant demurrant to apply at Special Term for leave to withdraw the demurrer and to answer the complaint within 20 days. All concur, except BURR, J., not voting.