(81 Misc. Rep. 171.)

## SIEGEL v. WHITE CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

MASTER AND SERVANT (§ 302*)—LIABILITY OF MASTER—ACTS OF SERVANT.

An automobile company is liable for an injury done by one of its cars in charge of an employé only when the employé is using it upon the master's business, and so, where he was using it purely for his individual benefit, having procured a loan thereof, the master is not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Siegel against the White Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Reversed and remanded.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for appellant.

Benjamin Schaffer, of New York City, for respondent.

LEHMAN, J. The plaintiff was injured by an automobile owned by the defendant company. It appears that the automobile was in charge of a designer employed by the company. The designer had come to New York for the purpose of attending classes in automobile construction. He brought a letter of introduction from an officer of the corporation to the New York manager. He informed the manager that he was looking for a house, and asked the manager to loan him a machine in order to enable him to examine houses for occupancy during his stay in New York. At the time of the acci-

dent he was driving his wife in a machine loaned to him in pursuance of this request. The defendant is certainly not liable, unless the driver of the machine at the time of the accident was acting as its servant in its business. I think that the evidence clearly shows that he was not acting at the time for the corporation, but was acting for his own purposes only. At that time he was, therefore, not the defendant's servant, and the defendant is not responsible for any negligence on his part.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.