finding is against the weight of evidence. See, also, 153 App. Div. 917, 138 N. Y. Supp. 1142. Reargument denied 144 N. Y. Supp. 1145.

CARR, J., votes for affirmance.

---

SIEBRECHT, Respondent, v. SIEBRECHT, Appellant. (Supreme Court, Appellate Division, Second Department. December 19, 1913.) Action by Julia W. A. Siebrecht against Henry A. Siebrecht, Jr. No opinion. Motion for reargument (of 144 N. Y. Supp. 1144) denied, without costs.

---

SIEGEL v. WHITE CO. (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Joseph Siegel against the White Company. No opinion. Application denied, with $10 costs. Order signed. See, also, 81 Misc. Rep. 171, 142 N. Y. Supp. 318.

---

SIKORSKI, Respondent, v. NICHOLS COPPER CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 31, 1913.) Action by Jan Sikorski against the Nichols Copper Company. No opinion. Judgment and order of the County Court of Queens County unanimously affirmed, with costs.

---

SIMEK, Respondent, v. BELLE ISLE, Appellant. (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Marek E. Simek, as administrator, against Joseph F. Belle Isle.. W. H. Wood, of New York City, for appellant. G. G. Battle, of New York City, for respondent. No opinion. Judgment and order reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $1,500, in which event, judgment, as so modified, and order, affirmed, without costs. Settle order on notice.

---

In re SIMMONS et al., Board of Water Supply. (Supreme Court, Appellate Division, Third Department. November 26, 1913.) In the matter of the application and petition of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to acquire real estate, etc., in the towns of Olive and Hurley, N. Y., for the purpose of providing an additional supply of pure and wholesome water for the use of the city of New York. Ashokan Reservoir, Section 1, Parcel 7. Application for commissioners' compensation by Martin Cantine and Waldo G. Morse, as commissioners.

PER CURIAM. Orders modified, by reducing allowance for services to $500 each, and, as so modified, affirmed, without costs.

SMITH, P. J., and LYON, J., vote for affirmance.

---

SKIDMORE et al., Respondents, v. MYERS, Appellant. (Supreme Court, Appellate Division, First Department. November 28, 1913.) Action by Gertrude Skidmore and others against Frederick S. Myers. H. R. Squier, of New York City, for appellant. I. N. Williams, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

SLAVIZ, Appellant, v. BARBER ASPHALT PAVING CO., Respondent. (Supreme Court, Appellate Division, First Department. December 5, 1913.) Action by William Slaviz, as administrator, against the Barber Asphalt Paving Company, impleaded. M. Schneiderman, of New York City, for appellant. F. W. Catlin, of New York City, for respondent. No opinion. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to defendant to withdraw demurrer and to answer on payment of costs, on Sartori v. Lichfield, 149 App. Div. 241, 133 N. Y. Supp. 720. Order filed.

---

S. LIEBMANN'S SON BREWING CO., Respondent, v. BROOKLYN & MANHATTAN FERRY CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 31, 1913.) Action by the S. Liebmann's Son Brewing Company against the Brooklyn & Manhattan Ferry Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

SMITH v. SMITH. (Supreme Court, Appellate Division, Fourth Department. November 12, 1913.) Action by Birt Smith against John L. Smith, individually and as executor, etc., and Lyman C. Smith.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that the verdict of the jury and the findings of the trial court, to the effect that the defendant Lyman Smith substantially performed the contract in suit, and that his failure to fully perform same was attributable to Uretta Smith, deceased, are without evidence to support same, and, further, that the weight of the evidence establishes that there was a settlement and adjustment of the matters in suit between the defendant Lyman Smith and the deceased, Uretta Smith, in her lifetime, whereby the contract in suit was extinguished.

---

SMITH, Respondent, v. SMITH, appellant, et al. (Supreme Court, Appellate Division, Third Department. November 26, 1913.) Action by Joanna E. Smith against Bridget W. Smith, as administratrix, etc., impleaded with Hugh W. Feenan and Stephen Feenan. No opinion. Motion granted.

---

SMYTH, Respondent, v. T. A. GILLESPIE CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 12, 1913.) Action by John A. Smyth against the T. A. Gillespie Company. No opinion. Judgment and order unanimously affirmed, with costs. See, also, 80 Misc. Rep. 628, 142 N. Y.