# PREMIER MOTOR MANUFACTURING COMPANY *v.* TILFORD.

### [No. 8,938. Filed February 24, 1916.]

1. PLEADING. — *Construction.* — *Conclusions.* — *Statutory Provisions.*—Section 343a Burns 1914, Acts 1913 p. 850, does not require every conclusion stated in a pleading to be considered and treated as an allegation of the facts necessary to sustain such conclusion, but its application is expressly limited to such conclusions as are necessary to the sufficiency of the pleading, and, aside from conclusions of the latter class, all statements in the pleading not necessary to its sufficiency may be disregarded. p. 167.

2. NEGLIGENCE.—*Automobile Collision.*—*Complaint.*—*Averments.*—*Construction.*—*Motion to Make Specific.*—In an action against a corporation for injuries from collision with an automobile belonging to it, the charge in the complaint that defendant negligently operated the automobile, etc., though sufficient to make the pleading good as against demurrer, was the statement of a conclusion involving the further conclusions that the driver of the automobile was defendant's agent and that as such agent he was at the time acting within the scope of his employment, which rendered the complaint properly subject to a motion to make more specific in that respect. p. 168.

3. MASTER AND SERVANT.—*Negligence of Servant.*—*Liability of Master.*—The master is responsible for the acts of his servant done in obedience to the express orders or directions of the master, or in the execution of the master's business within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done. p. 169.

4. NEGLIGENCE.—*Automobiles.*—*Operation by Employe.*—*Liability of Owner.*—An automobile is not to be regarded in the same category with dangerous contrivances and agencies, and the owner is

not liable to one injured in a collision therewith merely because of such ownership and the fact that the driver was in his employ, if the latter was riding for his own pleasure or profit and not upon the owner's business. p. 169.

5. NEGLIGENCE. — *Automobile Collision.* — *Liability of Owner.* — *Master and Servant.*—*Evidence.*—In an action against an automobile manufacturer for injuries from collision with one of its automobiles, the evidence did not show the relation of master and servant between defendant and the driver of the automobile, even if it were conceded that it was shown that an agent of defendant, with authority to do so, had made an arrangement with such driver whereby the latter was to receive a commission on sales of automobiles made by him, where defendant had no right to manage, direct or control the time, manner or method of making such sales, since the right to in some way manage, direct or control the servant in his work is an essential element of the relation of master and servant; and, such relation not being shown, the refusal to direct a verdict for defendant was error. p. 170.

From Superior Court of Marion County (91,203); *Pliny W. Batholomew,* Judge.

Action by Mary Tilford against the Premier Motor Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Elam, J. W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellant.

*Alvah J. Rucker* and *James E. Rocap,* for appellee.

HOTTEL, J.—This is an appeal from a judgment of $1,000, recovered by appellee in a suit brought by her against appellant for personal injuries alleged to have resulted from a collision between one of appellant's automobiles and a buggy in which appellee was riding. The issues of fact were tendered by a complaint in one paragraph and a general denial. The averments of the complaint necessary to an understanding of the questions presented by the appeal are in substance as follows: The appellant is a corporation engaged in the manufacture of automobiles in the city of Indianapolis. On August 12, 1911, the time of the collision complained of, appellant had in its employ the driver of the automo-

bile who was at the time the agent of appellant acting "under the scope of his employment". The automobile was being driven by such agent south over Central Avenue, near its crossing with 56th Street in the city of Indianapolis, "at the negligent and careless rate of speed of fifty miles an hour more or less" and said agent "negligently and carelessly caused said automobile to collide with and strike this plaintiff's vehicle in which she was riding." The collision occurred after sundown, about 8 o'clock in the evening, and it was dark. Appellee "was proceeding in a northerly direction upon said public thoroughfare and upon the right-hand side thereof near said intersection of said 56th Street; said *defendant was propelling its said automobile which struck this plaintiff* upon and over said public thoroughfare in a southerly direction without having lighted lights upon said automobile and without having a warning signal attached to said automobile *and negligently and carelessly collided with this plaintiff and struck this plaintiff with* said automobile at said time; * * * that said *defendant* at such times *was operating* said automobile at said negligent rate of speed and without said lighted lights and negligently and carelessly ran said automobile upon, against and over said plaintiff from said northerly direction without giving any warning to this plaintiff of the approach of said automobile at a time when plaintiff was unconscious and unaware of the approach towards her of said automobile, and at said time plaintiff was in full view of said defendant; that defendant at such time negligently and carelessly failed to warn plaintiff of his approach towards her and negligently and carelessly failed and omitted to get said automobile under control", etc. Prayer for $25,000 damages.

Appellant filed a motion to make the complaint

more specific by stating what the driver of the automobile was doing for it when the collision occurred and the facts upon which appellee based the conclusion stated in the complaint that at said time such driver was the agent of appellant acting within the scope of his authority.   This motion was overruled. The ruling on this motion and appellant's motion for new trial are relied on for reversal.

Appellant insists, in effect, that since the passage of the act approved March 15, 1913 (Acts 1913 p. 850, §343a Burns 1914), the court is required 1. to consider and give the pleader the benefit of all the averments of his complaint though made by way of conclusion; that, as the only remedy against such practice, such act contains a proviso authorizing a motion to require the pleader to state the facts on which his conclusion is based; that by reason of such act and the proviso therein it is now the imperative duty of the trial court to sustain such a motion when the averments of the pleading to which it is addressed are such as to make it proper and appropriate, and that the overruling of such a motion under such circumstances constitutes an error, which, when properly presented on appeal, will necessitate a reversal of the judgment of the trial court.   The act, *supra*, does not require every conclusion stated in a pleading to be considered and treated as an allegation of the facts necessary to sustain such conclusion, but expressly limits its application to such conclusions as are necessary to the sufficiency of the pleading.   As to conclusions unnecessary to the sufficiency of a pleading the law remains as it has always been, viz., any statement in a pleading whether made by way of conclusion, or by direct averment of fact, if unnecessary to the sufficiency thereof, may be disregarded and hence any ruling on a motion to make such an

averment more specific would be necessarily harmless.

In a sense the averment complained of as being a conclusion was not necessary to the sufficiency of the pleading; that is to say, the italicized averments, *supra*, which charge the *appellant* with negligently operating the automobile, etc., were sufficient to make it good as against demurrer, but when the complaint is read in its entirety we know that appellant is a corporation, and that it could not operate the automobile except by and through the driver thereof as its agent, and we know that in order to make appellant liable for such operation such driver must have acted within the scope of his employment. The averment that appellant operated the automobile when read in the light of the other averments, as it should be, was itself a conclusion, which involved both the conclusion that the driver of the automobile was appellant's agent, and the further conclusion that as such agent he was acting within the scope of his employment when operating said automobile. The pleader ought not to be relieved from stating the facts upon which a conclusion in his pleading is based, when such conclusion is necessary to the sufficiency of the averments in connection with which it is made, simply because such pleading happens to be rendered sufficient against demurrer by reason of another conclusion which is broader than, and includes, the former conclusion. In the sense which we have indicated and as affecting the averments of the complaint in aid of which it was pleaded, said conclusion was necessary to the sufficiency of the complaint and for this reason the court below should have sustained the motion to make more specific. In view, however, of our disposition of other questions presented by the appeal we need not determine

whether the error resulting from the ruling on said motion should be treated as harmless.

In support of its second assigned error the principal question raised by appellant is whether it was responsible for the acts of the driver of the automobile. Appellant insists in effect that the evidence, upon such question, is not sufficient to sustain the decision of the trial court, and that such ground of its motion for new trial, and also that ground of its motion which challenges the action of the trial court in refusing to give a peremptory instruction in its favor, presents reversible error. The law applicable to this question may be stated as follows: "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instruction given, and the circumstances under which the act is done, the master is responsible." *Colwell* v. *Aetna Bottle, etc., Co.* (1912), 33 R. I. 531, 82 Atl. 388, 391, and cases cited; *Richie* v. *Waller* (1893), 63 Conn. 155, 28 Atl. 29, 38 Am. St. 361, 27 L. R. A. 161.

Automobiles are not to be regarded in the same category with locomotives, ferocious animals, dynamite and other dangerous contrivances and agencies. *Hartley* v. *Miller* (1911), 165 Mich. 115, 130 N. W. 336, 33 L. R. A. (N. S.) 81; *Cunningham* v. *Castle* (1908), 127 App. Div. 580, 111 N. Y. Supp. 1057; *McNeal* v. *McKain* (1912), 33 Okl. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775; *Neubrand* v. *Kraft* (1915), 169 Iowa 444, 151 N. W. 455, 56 L. R. A. (N. S.) 691, annotated note and cases there cited. Appellant was not liable merely because it was the owner of the automobile, and

the driver thereof was in its employ. Such facts do not make the owner of the automobile liable for injuries caused by the driver's negligence while such driver was riding for his own pleasure or profit and not upon the owner's business. *Ludberg* v. *Barghoorn* (1913), 73 Wash. 476, 131 Pac. 1165; *Siegal* v. *White Co.* (1913), 81 Misc. 171, 142 N. Y. Supp. 318; *Power* v. *Arnold Engineering Co.* (1911), 142 App. Div. 401, 126 N. Y. Supp. 839; *White Oak Coal Co.* v. *Rivoux* (1913), 88 Ohio St. 18, 102 N. E. 302, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914 C 1082, and cases cited; *Danforth* v. *Fisher* (1908), 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. 670; *Colwell* v. *Aetna Bottle, etc., Co., supra,* and cases there cited. While it may be true, as many of the decided cases in other jurisdictions indicate, that the fact that the automobile was admitted to belong to the appellant and that the driver was in the employ of the appellant and operating the automobile with appellant's knowledge and consent, in the absence of anything to the contrary, was sufficient to give rise to the inference that the relation of owner and chauffeur existed between appellant and such driver, and hence sufficient to put the appellant upon proof that the automobile was not used in his business or for his employment (Davids, Motor Vehicles §209; *Knust* v. *Bullock* [1910], 59 Wash. 141, 109 Pac. 329; *Kneff* v. *Sanford* [1911], 63 Wash. 503, 115 Pac. 1040; *Burger* v. *Taxicab Motor Co.* [1912], 66 Wash. 676, 120 Pac. 519); nevertheless the liability of appellant for injuries occasioned by the negligence of such driver depended upon the existence between appellant and such driver of the relationship of master and servant, and where "it is shown conclusively and without any substantial dispute that the automobile was not being used at the time of the

injury in the defendant's employment or upon his business, and was being used by some other person on business of his own, and without any reference to the business of the owner, it becomes the duty of the court to direct the judgment." *Ludberg* v. *Barghoorn, supra.* See, also, *White Oak Coal Co.* v. *Rivoux, supra;* Davids, Motor Vehicles §209. Duncan, the driver, under his own statement obtained a loan of the machine for his own accommodation and benefit, and neither the purpose for which he was using the automobile at the time of the collision, nor the relation which he sustained to appellant on account of such use, at such time, was in any way affected by any previous arrangements shown by the evidence to have been made between him and appellant's salesmen whereby he was to obtain a part of the commission of such salesmen on sales of automobiles made by him. Even though it be conceded that some agent of appellant, having authority to do so, entered into an arrangement or agreement with Duncan whereby the latter was to receive a commission on sales of automobiles made by him, such arrangement, leaving the time, manner and method of making such sales wholly with Duncan, with no right in appellant to in any way manage, direct or control him in the matter of making such sales, would not be sufficient to create between appellant and Duncan the relation of master and servant. This is necessarily so because the right to in some way manage, direct or control the servant in his work is one of the elements essential to the relation of master and servant. 1 Labatt, Master and Servant §2 and authorities cited in note.

For the reasons indicated we are of the opinion that the evidence in this case wholly fails to show the relation of master and servant existing between appellant and Duncan at the time of the collision

which resulted in appellee's injury and hence fails to show any liability on the part of appellant for Duncan's alleged negligence in the operation of the automobile. It follows that the evidence is not sufficient to sustain the verdict of the jury, and that the trial court should have given appellant's peremptory instruction, and hence that such court erred in overruling appellant's motion for a new trial.

Appellant also insists that other instructions tendered by it should have been given, but there seems to be no necessity for our determining whether error was committed by the court's refusal to give them, because appellee in effect concedes that they in the main stated the law correctly, and insists that they were covered by the instructions given.

For the error indicated the judgment below is reversed with instructions to the trial court to sustain appellant's motion to make the complaint more specific and its motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 111 N. E. 645. As to liability of master to third persons for act of servant outside scope of employment, see 133 Am. St. 869. As to liability of owner of automobile for acts of his chauffeur or agent, see 10 Ann. Cas. 732, 12 Ann. Cas. 972, Ann. Cas. 1916 A 659. As to automobiles as inherently dangerous machines, see 19 Ann. Cas. 1229. See, also, under (1) 31 Cyc 49, 68; (2) 31 Cyc 280, 650; (3) 26 Cyc 1518, 1525; (4) 26 Cyc 1536; 28 Cyc 38; (5) 26 Cyc 1519, 1577.