## DECKER *v.* HALL.

[No. 10,217. Filed January 13, 1920.]

NEGLIGENCE.—*Automobile Collision.* — *Action.* — *Complaint.* — *Averments.*—*Operation of Automobile by Another.*—In an action to recover for damage to plaintiff's automobile, a complaint alleging that defendant permitted another to operate his automobile, and while such person was so driving it at a high and dangerous rate of speed, he brought it into collision with plaintiff's car, is sufficient to state a cause of action, in the absence of averments that the driver was a servant or agent, or that he was on any errand or business of defendant.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Action by Lawrence Decker against Charles Hall. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Martin R. Sutherland* and *Ralph N. Smith,* for appellant.

*Frank E. Osborn, Lee L. Osborn* and *Kenneth D. Osborn,* for appellee.

ENLOE, J.—This was an action by appellant to recover damages for injury to appellant's automobile.

The complaint was in two paragraphs, to each of which a demurrer was sustained, and the court, appellant abiding by said demurrer, rendered judgment against him for costs.

The errors assigned call in question the action of the court in sustaining said demurrer.

The only material parts of said paragraphs of complaint which we need notice are the following: In the first paragraph it was alleged: "That on the 14th day of July, 1910, the defendant was the owner of a certain automobile, and that on said day the defendant permitted, and for a long time prior thereto had permitted one Lawrence Fisher to drive and operate his, the defendant's automobile, and on said day the said Lawrence Fisher was driving and operating said automobile, owned by this defendant, along and over a public highway in LaPorte County, Indiana, with the knowledge and consent of the defendant, and that thereupon he, the said Lawrence Fisher, ran into the automobile owned by this plaintiff and injured the same. * * * That said Fisher * * * negligently and carelessly drove and operated said automobile over and along said public highway at a high and dangerous rate of speed, * * * and while so doing * * * ran into and against the plaintiff's automobile which was upon the public highway, and broke," etc.

The allegations of the second paragraph are similar to the first, except that in the second the consideration for the appellee's permitting said Fisher to have and drive the appellant's automobile is stated.

As against the demurrer, neither paragraph was sufficient. There is not in either paragraph of said complaint any allegation, nor is there any claim what-

ever, that at the time of the accident said Fisher was in any way the agent or servant of appellee, or that he was at the time upon any errand or business of appellee. The cases of *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 111 N. E. 645; *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *Hays* v. *Hogan* (1917), 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C 715, Ann. Cas. 1918C 1127, and *Smith* v. *Weaver* (1919), (Ind. App.) 124 N. E. 503, are decisive of the question herein involved.

The court did not err in sustaining said demurrer, and the case is therefore affirmed.