## SWANSON ELECTRIC AND MANUFACTURING COMPANY
### *v.* JOHNSON.

[No. 11,514.   Filed March 6, 1923.]

MASTER AND SERVANT.—*Automobiles.—Operation by Employe.—Liability of Master for Injuries to Third Persons.*—In an action for personal injuries sustained by plaintiff when run down by defendant's automobile, driven by one of defendant's salesmen, evidence that the salesman had completed his work for the day, and that, before taking the automobile to his home, as he was permitted to do, he was taking some relatives to their home when the accident occurred, *held* to show that he was not engaged in the performance of the duties incident to his employment, so that defendant was not liable.

From Posey Circuit Court; *Herdis Clements,* Judge.

Action by Thomas Johnson, by his next friend, against the Swanson Electric and Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Fenton, Steers & Harryman, Robinson & Stillwell* and *McGinnis, Smith & Waller,* for appellant.

*E. J. Crenshaw,* for appellee.

ENLOE, J.—This was an action by the appellee, a minor, by his next friend, to recover damages for an alleged personal injury. The complaint charged that the appellee, while riding a bicycle on and along Fourth street, in the city of Evansville, was struck and injured by one of the servants of appellant who was then and there driving an automobile, owned by appellant, and which said servant so driving said automobile was then and there "acting in the line of his employment and discharge of his duties" to his employer; that the servant of appellant in charge of said automobile was then and there driving the same negligently, carelessly, and reck-

lessly, and so ran the said automobile against the bicycle which appellee was riding, whereby he sustained the injuries of which he complained.

There was an answer in general denial, followed by a trial by jury, which resulted in a verdict in favor of appellee. Appellant's motion for a new trial was overruled and he now prosecutes this appeal.

The appellant contends that the verdict was not supported by sufficient evidence, and was contrary to law; it contends that the evidence not only fails to show that the driver of said automobile, one Belzer, was, at the time of the collision and injury of appellee, an employe of the appellant "acting in the line of his employment and the discharge of his duty to his master," but that to the contrary, the evidence affirmatively shows that at the time of said collision the said employe was not on any errand, or transacting any business for his master, but was engaged entirely in his own affairs.

As to the point in question, the record discloses the following testimony only, viz.: Oscar Belzer, called as a witness by the appellee, testified that he was a salesman for the appellant, selling house wiring and fixtures; that he spent part of his time at the store and part of his time going about the city in an automobile furnished him by the appellant for that purpose, selling wiring and fixtures; that he kept the machine at night at the home of his father-in-law, near where he lived; that he was always at the store at closing time and went from there to his home; that he had arrangements with the appellant to take the car home with him at night; that after business hours, after he arrived home, he used it for his own pleasure, except that he would sometimes make a business call in it after he had returned home and had supper, which calls he made of his own initiative and not at the request of his employer, and of which calls his employer knew nothing; that one reason

for taking the machine home with him was that he might make these calls.

As a witness for appellant, he testified that on the evening of the accident he left appellants' store shortly after 5:30 p. m.; that, after leaving the store (situate on Fourth street), he went on Locust street, after his father-in-law and his wife's uncle, going in the machine; that his wife was with him; that from Locust street he went back onto Fourth street to get a loaf of bread, and after getting the bread he started south on Fourth street to take his father-in-law and his wife's uncle home and put up the car; that the accident happened as he was going south on Fourth street just after he had crossed Chestnut street.

Mr. Swanson, president of appellant company, testified that Belzer was an employe, and that his hours of service were from 8:00 a.m. until 5:30 p.m.; that the car in which Belzer was riding belonged to the company; that after Belzer left the store at closing time, 5:30 p.m., he was not under the control, management, or direction of the appellant company; that Belzer had the right to store the car wherever he pleased at night, and to use it for his own pleasure or purpose. This was all and the only testimony which in any way tended to establish the above quoted allegation of the complaint.

In the recent case of *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834, our Supreme Court, citing authorities in support thereof, said: "The rule is now firmly established in this state, in harmony with the decisions in many other jurisdictions, that where a chauffeur, either with or without the consent of the owner, uses an automobile for his own business or pleasure when not on regular duty, and inflicts injury on another person by reason of his negligence in operating an automobile at such times, the owner can not be held liable by reason of the relation of master and servant."

The evidence in this case wholly fails to sustain the allegation of the complaint that said automobile was, at the time of the accident, in charge and under the control and management of a servant of the appellant, who was then and there "acting in the employment and discharge of his duties" to appellant. The evidence conclusively shows that Belzer had finished his work for that day, and was, at the time of the accident, on his way home, taking his relatives with him to their homes. This most certainly was not the performance of any duty which, by the terms of his employment as shown by this record, he owed to the master. There is no evidence to sustain this verdict, and it is contrary to law.

As there was no evidence whatever to sustain the allegation of the complaint which we have heretofore considered, instruction No. 6, although it was a correct statement of the law as applied to the facts therein enumerated, should not have been given; there was no evidence upon which to predicate it.

Other alleged errors are presented, but what we have already said obviates the necessity of their being discussed severally.

For the errors indicated, the judgment is reversed with directions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.