UHRIG *v.* HANKE MOTOR CAR COMPANY.

[No. 12,749.   Filed May 31, 1929.]

*Colerick, Jackson & Parrish,* for appellant.
*Leonard, Rose & Zollars,* for appellee.

REMY, J.—Action by appellant against appellee to recover for personal injuries alleged to have been sustained by appellant as a result of appellee's negligence in the operation of an automobile. On the trial, at the close of appellant's evidence, appellee successfully moved for a directed verdict in its behalf, on the ground that the agent of appellee who was operating the car was not, at the time, acting within the scope of his employment.

Alleged error in sustaining motion to direct verdict is the only question presented.

The evidence, so far as applicable to the question for determination, is that at the time and place alleged in the complaint, appellant sustained personal injuries as a result of a collision with an automobile belonging to appellee, and which at the time was being operated by Cramer, secretary-treasurer of appellee company; that appellee was, and is, a corporation engaged in the sale of motor vehicles, and the automobile operated by Cramer at the time of the accident was kept at the place of business for the use of the company; that, in addition to being an official, Cramer was employed as salesman on a salary and commission; that on the morning of February 13, 1923, when Cramer came to appellee's place of business, the company's automobile was parked nearby; the testimony of Cramer, as a witness on behalf of appellant, was, in substance, that soon after his arrival at appellee's place of business on the morning of the day in question, he took the automobile and drove to see some lots which he had purchased; that appellee had no interest in the lots; that no one gave him permission to use the car, and he said nothing to anyone about using it; that the trip was exclusively his own private business, and that the collision which resulted in appellant's injuries occurred on his way back after seeing the lots when he was "in a hurry"; that in making sales for the

company he did not use the automobile, but did use it at times in going to and from his home.

It is the contention of appellant that, inasmuch as Cramer by using the car could make the trip to view his lots more quickly, and thus return to work with less loss of time, he was serving his employer, and was acting in the scope of his employment. The contention is without merit. The testimony of Cramer that he was "in a hurry" at the time of the accident is significant. From that evidence, the inference might be drawn that he realized that the trip was in violation of his employment-contract obligation, and that he would lose no time getting back. The employee, without permission of his employer, having taken the automobile to go on a mission of his own—on a mission in no way connected with his employment or his employer's business—and on time which belonged to his employer, was not at the time the agent of his employer in the operation of the automobile, and the court did not err in sustaining the motion of appellee to direct the verdict.

Affirmed.