### CITY OF ELKHART *v.* JACKSON.

[No. 15,636. Filed October 14, 1937.]

*Hawley O. Burke,* for appellant.

*Church & Chester,* and *John T. Holdeman,* for appellee.

KIME, J.—By an amended complaint in one para-

graph the appellee sought damages for personal injuries she sustained when a collision occurred between an automobile in which she was riding and one driven by one Anderson a C. W. A. worker who was using a truck owned by the city of Elkhart. The complaint was answered in general denial, which was followed by a jury trial, resulting in a verdict for the appellee and judgment thereon in the sum of $10,000.00. From the evidence most favorable to appellee it appears that Anderson, the driver of the automobile belonging to the city of Elkhart was, on the 26th day of February, 1934, when the accident occurred, returning from his home where he had gone to eat his noon meal. With him were two other C. W. A. workers, all of whom were on their way to check into the C. W. A. timekeepers' office.

The city of Elkhart had applied for and been awarded a project whereby the federal government paid the men, and the city furnished certain material for the project. These three men were engaged in the repair of the fire alarm system in the city of Elkhart and took their orders from the fire chief of said city. It was necessary that a conveyance of some sort be furnished them for the transportation of their tools to and from the location of their work. The fire chief assigned to them an old automobile to which had been attached a small truck body.

They quit work at 11:30 o'clock A. M. for lunch and it was their duty thereafter to report to the timekeeper between 12:15 and 12:20 o'clock P. M. prior to their resuming work at 12:30 o'clock P. M. The men used this automobile to transport themselves to and from lunch and it was while returning from their lunch that the accident in question occurred.

The appellant assigns as error the overruling of the motion for new trial, the grounds of which were that the verdict was not sustained by sufficient evidence and

that it was contrary to law, and error in the giving of each instruction numbered 1, 2, 3, 4, and 6 tendered by the appellee. The appellee contends that Anderson, the driver of the truck, was in the employ of the city of Elkhart and that therefore the city should be liable for his negligence. It is true that Anderson was not paid directly by the city of Elkhart but was paid by the Civil Works Administration with the city accepting the benefit of his work and directing and controlling the manner of doing it. For the purpose of this opinion he may be said to have been an employee of the city, however, at the time the appellee received her injuries Anderson was not engaged in any work for the city of Elkhart but was returning from his lunch and the relation of master and servant or employer and employee was suspended completely during this lunch hour, as during this time he was not doing anything for the benefit of the city. The evidence is without conflict to the effect that the truck, at the time of the collision, was not used by the said Anderson, the servant or employee of the city, within the scope of the employment or for any purpose of furthering the city's business or interest. Consequently the verdict is contrary to law and not sustained by the evidence.

The instructions given and the propositions presented thereon raised this same question and the answer thereto must be the same.

In view of the fact that the servant was not engaged in the master's business at the time of the collision which caused the injury to the appellee this judgment is reversed with instructions to sustain the motion for a new trial.