NORTH SIDE CHEVROLET, INC. *v.* CLARK

[No. 16,321.   Filed March 26, 1940.]

*Frank H. Fairchild,* and *James L. Murray,* for appellant.

*Max M. Plesser,* and *Louis Rosenberg,* for appellee.

BRIDWELL, P. J.—This appeal is from a judgment rendered in an action against appellant and one James H. Mumaw which was brought by appellee to recover damages for the loss of companionship and services of his wife, and expenses incurred by him on account of personal injuries suffered by such wife.

The complaint filed consisted of two paragraphs, and the answer thereto was in general denial. From averments contained in each paragraph, it appears that the injuries to appellee's wife occurred when an automobile owned by appellant, and being operated by the said Mumaw, struck and collided with an automobile occupied by appellee and his wife, it being alleged that said collision was occasioned by the careless, negligent and reckless manner in which appellant's automobile was being operated at the time of collision.

The first paragraph of complaint proceeds upon the theory that Mumaw at the time of the collision

was an agent and employee of appellant, acting within the scope of his employment, and that appellant is, therefore, responsible for his negligence; the second paragraph is upon a different theory, and charges negligence on the part of appellant in employing Mumaw as a salesman of automobiles, authorizing and allowing him to drive and operate automobiles owned by appellant over and upon the streets of the city of Indianapolis, Indiana, when appellant knew, or by the exercise of ordinary care should have known that said Mumaw was an ''habitual drunkard and very frequently drank intoxicating liquor and would become drunk, and while in such drunken condition would drive and operate automobiles over and upon the streets of Indianapolis.''

After the issues were closed, trial was had, and there was a verdict and judgment against both defendants to the complaint. Thereafter appellant filed its motion for a new trial which was sustained, and in due course, upon the issues joined between the parties to this appeal, another jury trial occurred, resulting in a verdict for appellee and against appellant in the sum of $1000.00. Judgment in accordance with the verdict followed.

Appellant duly filed its motion for a new trial, asserting as causes therefor, among others, that the verdict of the jury is not sustained by sufficient evidence, and that such verdict is contrary to law. This motion was overruled, appellant excepted, and perfected this appeal, assigning as error the action of the court in overruling said motion.

It is appellant's contention that the evidence in this cause is not conflicting; that the facts established by such evidence fail to prove any negligence on its part, and that it is not responsible for the alleged negligent conduct of Mumaw averred in the complaint.

We have read the evidence; it establishes, without any contradiction in the testimony relative thereto, facts summarized as follows: appellant, on the prior to November 22, 1936, was engaged in selling automobiles, and on said date and for some eight months before had in its employment as a "used car salesman" the said James H. Mumaw, who, in the discharge of his duties to appellant as salesman, would demonstrate cars owned by appellant to prospective purchasers, and would drive and operate the same over and upon the streets of the city of Indianapolis, Indiana, appellant having knowledge of and authorizing such action. Appellant maintained one place of business on East Washington Street in said city, and another in the northern part of said city at Broad Ripple. On said November 22, Mumaw was engaged in the performance of his duties at the East Washington Street place of business, and about 7 or 7:30 o'clock, p.m., he, accompanied by another salesman, drove one of appellant's cars from this place to the Broad Ripple establishment, where he exchanged the car he had been driving for another which he desired to show and demonstrate to a possible customer. He obtained this second car from a parking lot of appellant's, removing the dealer's license plates from the one and placing them upon the other, as it was the custom of appellant's salesmen to do when necessary. While at this parking lot he conversed with an unidentified person and then left, driving the car which he had obtained. He thereafter contacted the person to whom he desired to sell it, and arranged for another interview the next day. After leaving the prospective purchaser, he visited an acquaintance who lived on North Illinois Street, in said city, and then drove the car to the hotel where he lived, parking it on the street adjacent thereto, with the intention of leaving it there all night.

When he entered the hotel he received a message from a friend with whom he then talked over the telephone; he returned to the automobile previously parked by him, and started to the home of this friend with the purpose and intention of spending the night with him, as he had been invited to do. It was while making this trip that the collision which resulted in the injuries to appellee's wife occurred, it being approximately midnight at the time.

Mumaw's reputation for sobriety in the community where he lived was bad. Prior to the day of the accident he had frequently been seen drinking in the "Silver Dollar," a place where intoxicating liquor was obtainable, located near the place of the business of appellant on East Washington Street, and had been seen to enter such place of business on at least two occasions when intoxicated. In April, 1936, in the Municipal Court of Marion County, Indiana, he was charged and convicted with the offense of being intoxicated in a public place. On the night of the accident he was observed on the sidewalk of East Washington Street, near his employer's place of business which was then closed, at some time between 8 and 10 o'clock, p.m. (the time not being more definitely fixed) in an intoxicated condition by a policeman, but was not arrested. No facts other than stated were proven with respect to Mumaw's use of intoxicating liquors, and there is no evidence of his having driven automobiles while in a drunken condition at any time previous to the date of the collision.

It clearly appears from the uncontradicted evidence that Mumaw at the time of the collision causing the injuries to appellee's wife was not engaged in performing any duty which he owed to his employer, nor doing anything for his employer's benefit, but to the contrary was on a purely personal

mission of his own. The automobile was being used by him for his own convenience and purpose as a means of reaching the home of another where he had been invited, and where he expected to stay all night, the invitation to do so being extended and the journey undertaken after a time when he had discontinued all duties of his employment for the day.

Under such a state of facts appellant was not liable for any negligent conduct of Mumaw, and there was, therefore, no right of recovery on the part of appellee upon the issues joined on his first paragraph of complaint. See *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834; *City of Elkhart* v. *Jackson* (1937), 104 Ind. App. 136, 10 N. E. (2d) 418; *Neyenhaus* v. *Daum, Admr.* (1936), 102 Ind. App. 106, 1 N. E. (2d) 281; *Uhrig* v. *Hanke Motor Car Company* (1929), 89 Ind. App. 429, 166 N. E. 611; *Swanson, etc., Mfg. Co.* v. *Johnson* (1923), 79 Ind. App. 321, 138 N. E. 262.

In order to recover upon the second paragraph of complaint, it was incumbent upon appellee to prove that appellant entrusted its automobile to Mumaw with authority to operate same when it knew, or by the exercise of ordinary care, should have known that by so doing injury to some third person or persons would probably follow. In the instant case liability is sought to be predicated upon the claimed fact that Mumaw was an habitual drunkard and would frequently become drunk, and while in a drunken condition would drive automobiles in his possession over the streets of said city. With the exception that on the night the collision occurred, it was proved that said Mumaw was intoxicated while on the sidewalk of East Washington Street, in said city, some two or more hours before the accident in which he was involved, there is no evidence whatever concerning his ever having driven an automobile

when drunk or drinking, or that he had been in previous collisions due to his driving while intoxicated. The only evidence concerning his condition as to sobriety at the time he obtained the automobile he was driving when he collided with appellee's car is the uncontradicted evidence of the other salesman who accompanied him to the parking lot where he secured said car that he (said Mumaw) was sober, and had not indulged in the use of any intoxicating liquor on that day, it appearing from the testimony of this witness that the two of them had been working at the appellant's East Washington Street place of business until they departed for Broad Ripple.

There is no contention that Mumaw was inexperienced as a driver, or unfamiliar with the dangers incident to the use of automobiles on public highways, or incapable of operating such vehicles with skillfulness and care. It is also to be noted that there is an entire lack of evidence to prove that any officer of appellant, or any person authorized by it to employ salesmen or deliver the possession of any automobile owned by it, or in its keeping, knew, or by reason of existing proven facts should have known that Mumaw's habits with reference to the use of intoxicants and the driving of motor vehicles when intoxicated were such as to constitute negligence on the part of appellant if it entrusted to him a car to be driven and operated by him upon and over the streets of the city. We are of the opinion that the evidence in this case is not sufficient to permit a recovery under the second paragraph of the complaint. For cases supporting this conclusion, see *Fisher* v. *Fletcher,* supra; *Brady* v. *B. & B. Ice Co.* (1931), 242 Ky. 138, 45 S.W. (2d) 1051; *Jones* v. *Harris* (1922), 122 Wash. 69, 210 Pac. 22.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.