1383.   ELLENBERG *v.* SOUTHERN RAILWAY CO. *et al.*

1. In an action against a railway company for a negligent homicide, resulting from the running of one of its trains, upon proof by the plaintiff that the deceased was run over by the train and killed, there is immediately a presumption that the defendant was negligent in each and every respect alleged in the petition, and the burden is upon the company to disprove all the proximate acts of negligence alleged, or to show contributory negligence, or some other defense sufficient to defeat

the plaintiff's action. Where the petition sets up a number of acts of negligence, the defendant is not entitled to a nonsuit because the plaintiff's testimony shows that one of these alleged acts of negligence did not occur.

2. Except in rare cases, as where the defendant would be subjected to unfairness or undue prejudice, or where the plaintiff has given evidence. of an intention deliberately to trifle with the court, or to delay the progress of the trial, it is an abuse of discretion for the trial judge to refuse to allow the plaintiff to produce additional evidence sufficient to avoid a nonsuit.

Action for damages, from city court of Hartwell—Judge Hodges. August 3, 1908.

Argued November 24,—Decided December 23, 1908.

Mrs. Ellenberg sued the railway company for running over and killing her husband with its locomotive engine and passenger-train. Her petition, after being amended by striking certain allegations and substituting others, charged, in substance, that while the deceased was walking upon the track of the defendant, between two public crossings, and along a pathway much used by the public for a long number of years, on a dark, rainy night, a train approached him without giving the usual signals, and ran over and killed him. The allegations of negligence were, that the company did not signal the approach of the train to the crossings, but rushed the train on at a rapid rate of speed; that the train was running behind time and was running at an unusually high rate of speed; that the headlight was defective; that the track was perfectly straight and a person could have been seen thereon for several hundred yards, and, even with a defective headlight, the engineer should have seen the deceased in time to stop the train, but did not do so, and, on the contrary, recklessly and wantonly ran over him. The plaintiff proved the homicide, by showing that the dead body of her husband was found on the track of the company, mutilated and scattered along for a considerable distance between the two crossings. Some of the plaintiff's witnesses gave testimony indicating that the engineer did signal the crossing with the usual blowing of the whistle. There was evidence that the people of the community had been accustomed to pass along the track between the two crossings with frequency, for at least eight years prior to the time the deceased was run over. At the conclusion of the plaintiff's evidence the judge intimated that, among other deficiencies in the proof, he thought that there was no evidence that the

defendant company knew that persons were accustomed to use its track as a footpath, that there was no evidence that there was a footpath between the tracks. Counsel stated to the court that witnesses were in court by whom he could supply the proof as to this, and requested the court to allow him to reopen the case and introduce this evidence. The court refused this request and granted a nonsuit.

T. G. Dorough, Z. B. Rogers, for plaintiff.

A. G. & Julian McCurry, for defendant.

POWELL, J. (After stating the foregoing facts.)

1. When the plaintiff proved that her husband was killed by the train, the burden did not thereafter rest on her to show how the fatality came about. The law immediately raised the presumption that the defendant was negligent in every detail mentioned in the petition, and the onus was on the company to disprove each and every efficient and proximate act of negligence stated in the petition, or to show some affirmative defense sufficient to defeat the case. Bryson v. So. Ry. Co., 3 Ga. App. 407 (59 S. E. 1124). This disproof may come from the plaintiff's own witnesses, and may thus entitle the defendant to a nonsuit. The disproof must go not merely to one of the proximate efficient negligent acts alleged, but to all of them. We are not prepared to say that the testimony in the present case was such as absolutely to disprove the allegation that the signal was not given; but, for the sake of argument, say that it was; the company did not show the untruthfulness of the allegations that the headlight was defective, that the track was straight, and that, even though the headlight was defective, the deceased could have been seen several hundred yards, and that, despite these facts, the engineer caused the train recklessly to rush on and run over him. There was no sufficient proof of the defendant's contributory negligence. Hence nonsuit was error.

2. The trial judge may have put his decision on the ground that the deceased was a trespasser, and not a licensee. If so, he certainly should have allowed the plaintiff to show that at the time her husband was killed he was walking in a well-marked pathway generally used by the public. The jury could have inferred notice to the company from the fact that the pathway was marked out between its tracks, and from its long and frequent use. While a trial judge has some discretion in refusing a request to reopen

the case to supply testimony adequate to avoid a nonsuit, yet this discretion should be liberally exercised in behalf of allowing the whole case to be presented. It is the usual course to allow the additional evidence; and, whenever the trial judge refuses to allow it, some good reason should appear for such exercise of his discretion. The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth. Civil Code, § 5142.                         *Judgment reversed.*