2088.   ELLENBERG *v.* SOUTHERN RAILWAY Co. *et al.*

HILL, C. J.   1. The judge, in beginning his charge, inadvertently read to the jury certain allegations of negligence which had been stricken, and which it had been stated to the jury were not relied on, and about which there was no evidence. When they were being read the plaintiff did not object to the reading of the allegations or call attention to the fact that they had been stricken. *Held,* no error; and if error, the plaintiff could not remain silent when the allegations were being read to the jury, take the chances for a verdict, and subsequently be heard to complain.

2. Numerous excerpts from the charge are objected to as not containing correct statements of the law applicable to the evidence. The entire charge is not brought up. A careful examination of these excerpts, in connection with the evidence, fails to disclose any error, but on the contrary shows a clear, full, and correct exposition of the law on all the issues made by the evidence, and in some instances strongly favorable to the contentions of the plaintiff.

3. The assignments of error on rulings on the admissibility of testimony are without merit.

4. When this case was here before, a nonsuit was reversed because the plaintiff proved that her husband was killed by the running of the defendant's train, and that therefore a presumption arose that the defendant was negligent in each and every respect alleged in the petition; and the burden was upon the company to disprove all the proximate acts of negligence, or to show contributory negligence, etc. *Ellenberg* v. *Southern Ry. Co.,* 5 *Ga. App.* 389 (63 S. E. 240). On the present trial this presumption of negligence was supported by some circumstantial evidence and strongly rebutted by positive testimony. There was also evidence by the defendant that the death of the plaintiff's husband was caused by his own contributory negligence, in walking upon the track in a dark, rainy night, in a condition of intoxication. The jury believed the evidence of the defendant, and the trial judge approved the verdict. In the absence of any material or prejudicial error of law, the verdict must be accepted as the truth.

*Judgment affirmed.*

Action for damages; from city court of Hartwell—Judge Hodges.   July 22, 1909.

Argued December 1, 1909.—Decided February 10, 1910.

*T. G. Dorough, Z. B. Rogers,* for plaintiff.

*A. G. & Julian McCurry,* for defendant.