SANDERS *v.* RYAN ET AL.

[No. 16,741. Filed May 26, 1942. Rehearing denied October 21, 1942. Transfer denied December 21, 1942.]

*C. James McLemore* and *Linder & Seet,* all of Indianapolis, for appellant.

*Allen, Hastings & Allen,* of Washington, and *Kimmell & Kimmell,* and *Gilbert Shake, all* of Vincennes, for appellee.

CURTIS, J.—This cause of action in the trial court was for damages for personal injuries sustained by the appellant in an automobile collision which occurred on or about October 30, 1936, on the United States Highway No. 50 at a point on said highway between Bridgeport, Illinois, and the Indiana-Illinois State Line. The complaint was in one paragraph and was answered in general denial. The cause was submitted to a jury for trial upon the issues thus made.

At the close of the appellant's evidence, the appellees filed a motion for a directed verdict. After the court had sustained the motion for a directed verdict, the appellant asked leave to reopen the case and to introduce additional evidence. The appellees objected to this request and the court sustained the objection overruling the said motion and request. The court then instructed the jury to return a verdict for the appellees which was accordingly done. The judgment followed the verdict.

In due time, the appellant filed a motion for new trial which was overruled with an exception, the sole error assigned being the ruling on said motion. It is from the above judgment that this appeal has been perfected. We now set out the causes or grounds of the motion for new trial, as follows:

"1. The verdict of the jury is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. The court erred in sustaining defendant's motion to direct the jury to find for the defendants.

"4. The court erred in overruling plaintiff's motion for leave to reopen her case and submit further evidence.

"5. The Court erred in holding as a matter of law that after the Court had orally announced that it would grant defendants' motion for a directed verdict that it was too late to permit plaintiff to reopen her case and introduce additional evidence.

"6. The Court erred in giving to the jury on defendants' motion Instruction Number One instructing the jury to find for the defendants.

"7. The Court erred in giving to the jury defendants' tendered instruction Number One to find for the defendants."

The appellees contend that the appellant's brief is insufficient to present any errors for review due to defects in briefing in the matter of presenting the errors relied upon. While there is merit in the appellee's contention in this respect, yet we have concluded that the appellant's brief shows a good-faith effort, and for that reason, as heretofore indicated, we have considered the case upon its merits.

In directing a verdict for the appellees, who were the defendants below, the trial court in effect held that the evidence offered to sustain the complaint was of such character that a verdict, if returned for appellant, could not be allowed to stand. The appellees concede that a verdict may be directed against the plaintiff only where there is a total absence of evidence to support one or more material and essential allegations of the complaint. In this connection, the appellees contend that there is an absence of evidence on the issue as to whether or not Alonzo Scritchfield, who was driving the automobile belonging to the appellees, was engaged within the scope of his employment by the appellees at the time of the accident in which the appellant received her injuries. It is the further contention of the appellees that in the absence of evidence showing that Scritchfield was so employed at the time of the accident, no liability could attach to the appellees, or any of them, and that, therefore, a verdict for these appellees was properly directed. We have examined the evidence on this issue which may be summarized as follows: Scritchfield was employed by Tom

Ryan as a hired hand and was driving the automobile of one of the appellees at the time of the accident, and was taking some people home from work, said people being farmers on the Ryan farm and some carpenters. It is also contended by the appellant that there were some implied admissions of the appellees concerning their liability. The most that can be said from the evidence is that Scritchfield was employed generally by one of the appellees, but there was no showing that he was acting in the scope of his employment at the time of the accident, or that the operation of the said automobile was any part of his work, or that he had ever previously operated the automobile in his work. The appellees contend that the mere fact that Scritchfield was driving an automobile belonging to one of the appellees is insufficient to establish liability upon the appellees, since there was no showing made that he was driving it at the direction of any of the appellees or that it was a part of his duties to drive it, or that it was being driven with the knowledge or consent of the owner, and that even if consent had been shown, all of these facts would not have been sufficient to establish liability. They cite the cases of *Swanson, etc., Mfg. Co.* v. *Johnson* (1923), 79 Ind. App. 321, 138 N. E. 262; *Wabash Railway Company* v. *Savage* (1887), 110 Ind. 156, 9 N. E. 85; *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834, and *Bojrab* v. *B. & B. Sand, etc., Co.* (1927), 86 Ind. App. 556, 156 N. E. 519. There is some evidence indicating that Scritchfield was taking some fellow employees home at the time of the accident, but there is no showing that this act was a part of his duties, or was being done at the direction of any or all of the appellees. We believe that the trial court was correct in the conclusion it evidently reached that the

evidence failed to bring into application the law of *respondeat superior*.

It is next contended that the appellees' liability for Scritchfield's act could be inferred and implied from the silence of the appellees under the circumstances, as follows: One of the witnesses, McLemore, an attorney, told the Ryans that he had come to see them to investigate the accident and check up and find out who was liable. McLemore told the Ryans that he had been sent to see them by a person who might make a claim against them. We agree with the appellees that under these circumstances the Ryans could not reasonably have been expected to discuss the matter of the accident with McLemore. They did, however, tell him who their insurance carrier was. As we view the evidence, the Ryans were not required to talk the accident over with McLemore or to affirm or deny their liability.

The appellant in various places in her brief states that her motion to reopen the case was filed after the court had indicated that it was going to sustain the motion of the appellees for a directed verdict but before the court had actually sustained the motion. The record does not sustain these statements of the appellant, and does show that the motion to reopen the case was made after the court had actually sustained the motion for a directed verdict.

The appellant has intimated in her brief that the trial court held as a matter of law that it was too late to permit the appellant to reopen her case and introduce additional evidence after the court had sustained the appellee's motion for a directed verdict. The record does not bear out the appellant in this contention. If, in fact, the trial court had held as a pure matter of law that it was too late to file such a motion to reopen

the case, such ruling should have been brought into the record, which has not been done.

The verified motion of the appellant for leave to reopen the case and to submit further evidence is as follows:

"Comes now the plaintiff, during the course of the trial and before the defendants have submitted any evidence herein, and respectfully moves the court for leave to reopen her case and introduce further evidence upon the matter of the agency of Alonzo Scritchfield, named in the complaint, of the above named defendants at the time and place in question, and respectfully shows to the court that she is informed and believes that said Alonzo Scritchfield will, if permitted to testify, testify in substance, that he was at the time in question employed by defendant, Thomas Ryan, who is the husband of the defendant, Donna Ryan, the owner of the car, described in the complaint, and that he was employed as a farm laborer by said Ryan; that at the time in question he had been in Bridgeport, Illinois, to take another employee of said Ryan to his home in Bridgeport and was enroute back to Vincennes; that he was making this trip on the business and authorization of the said employer, defendant, Thomas Ryan; that he lived at the home of said defendant, Ryan, and that said Ryan had requested him to take the car and take this other employe to Bridgeport at the time in question.

"The plaintiff would further show that she is informed and believes that the said witness, Alonzo Scritchfield, is present in court and that his testimony can be submitted without any inconvenience to the said defendants.

"WHEREFORE, plaintiff prays the court for leave to reopen her case and submit said further evidence."

It is contended by the appellee and conceded by the appellant that the said motion to reopen the case and permit additional testimony was addressed to the sound discretion of the trial court, and that unless there is

shown an abuse of such discretion, the ruling of the trial court should be allowed to stand. The main objection made at the time by the appellees to the reopening of the case and the hearing of additional testimony was based upon the fact that Scritchfield had been present in the courtroom for the full length of the trial, and that the two defendants, Ryan and Ryan, were known to the appellant's attorneys, and that they were present in the courtroom for the full length of the trial, and that the appellant had represented throughout the trial that she had a statement signed by the said Scritchfield setting forth substantially the same matters as stated in the said motion to reopen, and that, therefore, the appellant could not have been surprised.

It is our conclusion that while the said motion to reopen the case and to permit additional testimony to be offered is a matter within the sound discretion of the trial court, yet, under the circumstances set forth in the said verified showing coupled with the fact that the appellant was earnestly of the belief that she had made a case by the testimony which she had introduced, and in view of the fact that the said Scritchfield was present in the courtroom and that his testimony could be submitted without any inconvenience to the defendant and with no appreciable amount of delay, that the court should have sustained said motion and permitted said testimony. The reported cases contain many decisions to the effect that where a trial court in the exercise of discretion sustains a motion to reopen a case and to permit additional testimony, the reviewing court will not ordinarily disturb the decision of the trial court in that respect. But the cases are not numerous where a reviewing court has found it necessary to disturb a ruling of the trial court

in·such matters where the trial court has refused to sustain a motion and to reopen the case. The Supreme Court of the United States in the case of *Langnes* v. *Green* (1931), 282 U. S. 531, 541, 51 S. Ct. 243, 75 L. Ed. 520, 526, used the following languge:

> "The term 'discretion' denotes the absence of a hard and fast rule. *The Styria* v. *Morgan*, 186 U. S. 1, 9 (46 L. Ed. 1027, 1033, 22 S. Ct. 731). When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result."

While, as previously stated, the motion to reopen the case and to introduce additional testimony was addressed to the sound discretion of the trial court, yet it is our conclusion that the court in the instant case abused its discretion and that the said motion to reopen and to introduce additional testimony should have been sustained. In the case of *Ellenberg* v. *Southern Railway Co.* (1908), 5 Ga. App. 389, 391, 392, 63 S. E. 240, the court aptly said:

> "While a trial judge has some discretion in refusing a request to reopen the case to supply testimony adequate to avoid a nonsuit, yet this discretion should be liberally exercised in behalf of allowing the whole case to be presented. It is the usual course to allow the additional evidence; and, whenever the trial judge refuses to allow it, some good reason should appear for such exercise of his discretion. The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth."

We agree with the above statement and conclude in the instant case that the court should have sustained the

motion and permitted the additional testimony, and that for this error the judgment should be reversed.

Judgment reversed.

NOTE.—Reported in 41 N. E. (2d) 833.