PREUSS *v*. MCWILLIAMS.

[No. 20,611. Filed November 13, 1967. No petition for rehearing filed.]

*Benjamin Piser,* of South Bend, for appellant.
*R. Kent Rowe,* of South Bend, for appellee.

COOK, J.—This is an action by the appellant-plaintiff, Anne Preuss, against the appellee-defendant, Jerry McWilliams, for damages for alleged personal injury and property damage arising out of a motor vehicle collision which appellant contends resulted from appellee's negligence.

The collision occurred at a street intersection in South Bend and involved appellant's ice cream "truckster" and an automobile driven by appellee.

Appellant alleged that appellee was negligent in: (a) Operating an automobile at an excessive speed, to-wit: 40 miles per hour in a 30 miles per hour zone; (b) Failing to yield the right-of-way to the appellant's vehicle which had entered into and was using said intersection; (c) Failure to keep a proper outlook for other vehicles using said intersection, and particularly, appellant's vehicle; (d) Failing to apply his brakes or swerve his automobile when appellee knew, or in the exercise of reasonable care, should have known, that a collision was eminent; and, (e) Refusing and failing to reduce the speed of his vehicle upon approaching the intersection.

Appellee denied these allegations and contended that the collision was occasioned by the contributory negligence of appellant.

Specifications of negligence labeled (a) and (d) above were withdrawn from consideration by the jury by the trial judge. The jury returned its verdict for the appellee-defendant and judgment was entered accordingly.

Appellant filed a timely motion for new trial, the overruling of which is the sole assignment of error relied upon on this appeal.

Three specifications of appellant's motion for a new trial are urged for our consideration. First:

"The plaintiff objects and excepts to the Court's accepting defendant's requested Instruction Number Two for the reason that such Instruction does not correctly state the law; and for the further reason that the evidence in this case shows the defendant did not use the same degree of care that an ordinary prudent person would have used under the same or similar circumstances."

Appellee's Instruction No. 2 reads as follows:

"If you find from a fair preponderance of all the evidence in this case that under all the circumstances as shown by the evidence, the defendant, Jerry McWilliams, in operating his automobile at the time of, and prior to, the collision in question, used the same degree of care that an ordinarily prudent person would have used under the same or similar circumstances, but that he did nevertheless collide with the plaintiff's vehicle, then your verdict may be in favor of the defendant, Jerry McWilliams, and against the plaintiff, Anne Preuss."

Second:

"The plaintiff objects and excepts to the court's ruling in his giving defendant's requested Instruction Number Seven for the reason that the defendant had failed to reduce his speed as he entered the intersection."

Appellee's Instruction No. 7 reads as follows:

"The court instructs the jury that the driver of a motor vehicle on the streets and highways of this state is not required to reduce the speed of his vehicle merely because he is approaching an intersection but that such driver is only required to reduce the speed of his automobile when, in the exercise of reasonable care, a reasonably careful and prudent person under the same or similar circumstances would do so."

For purposes of this opinion, the above two specifications will be treated together.

Supreme Court Rule 1-7 provides, in pertinent part, as follows:

"After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, . . . No error with respect to the giving of instructions shall be available as a cause for new trial or an appeal, except upon the specific objection made as above required."

There is no similarity between the objections raised by appellant at the trial, as set out above, and the objections raised before this court. As the objections now urged were not presented to the trial court, under Rule 1-7, no questions regarding these instructions are properly before this court. *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 378, 116 N. E. 2d 525. See also, *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106.

Any supposed harshness in this rule is tempered by the fact that an examination of the appellant's argument regarding these instructions does not disclose error, and the result which we have reached would have been the same had the matter been considered on the merits. However, as this court has held so many time before, the rules of the Supreme Court are binding upon the litigants and the courts alike, and thus we need not consider the merits of this portion of appellant's argument.

The only remaining specification urged is that:

"The Court erred in denying plaintiff's motion for leave to reopen and put on additional testimony after plaintiff had rested."

After the appellant had presented her evidence and rested her case, the appellee's motion that allegation of negligence (a) be withdrawn from the jury's consideration was sus-

tained by the trial court. This action of the court is not assigned as error.

Appellant then orally moved to reopen her case and call the appellee to testify as to speed, which motion was denied.

The record shows that appellant intentionally withheld any evidence to substantiate the allegation that appellee was traveling 40 miles per hour or that the collision occurred in a 30 miles per hour speed zone. The attorney for appellant stated to the trial court that he had hoped to get this evidence admitted on cross-examination of the defendant-appellee.

Appellee argues and appellant concedes that the motion to reopen appellant's case in chief was addressed to the sound discretion of the trial judge. The only disagreement is whether this discretion was abused.

In seeking reversal on this point, appellant relies primarily on *Sanders* v. *Ryan* (1942), 112 Ind. App. 470, 41 N. E. 2d 833. In *Sanders*, the motion for directed verdict had been granted when plaintiff sought to reopen her case in order to fill the evidentiary gap so as to avoid the nonsuit, while here appellant's motion to reopen was presented after appellee's motion for directed verdict had been denied.

Moreover, in *Sanders* it appeared from statements in a verified motion to reopen the case and submit further evidence that appellant Sanders was of the belief that she had made a case by the testimony which she introduced. No evidence was purposely held back in *Sanders*. We are called upon to review the judicial action of the trial judge as it relates only to the facts and issues of this case.

The term "discretion" implies the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances. "Discretion" of a court is a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable. Thus, judicial action which involves discretion is final and

cannot be set aside on appeal except when there is an abuse of discretion. Such judicial action must be examined and confined to the issues of the particular case. In this case there was a planned and deliberate withholding of evidence which properly should have been offered during appellant's case in chief. On the record before us it does not appear that the trial judge abused his discretion in refusing to reopen appellant's case and receive evidence when it plainly appears that such evidence could have been offered earlier.

Finding no error in the proceedings, the judgment of the trial court is affirmed.

Judgment Affirmed.

Pfaff, C. J., and Bierly and Smith, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 789.