**Blake E. ELKINS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0103–CR–85.

Court of Appeals of Indiana.

Sept. 11, 2001.

Jeffery L. Lantz, Jon K. Aarstad, Evansville, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Elkins is appealing his conviction of operating a watercraft on the Ohio River while intoxicated.

We reverse.

### ISSUE

We restate the issue as whether the trial court erred in permitting the State to re-open its case after the trial court had granted a judgment of acquittal.

### FACTS

Elkins was arrested by Indiana police officers on the Ohio River for boating while intoxicated.

After the State rested its case, Elkins made a motion. After several pages of convoluted argument, it appears that Elkins was challenging venue by means of a motion for a directed verdict. Elkins queried the court "How's the Court ruling on my motion for directed....", to which the Court replied, "I'm gonna grant it."

The trial court then allowed the State to make a hurried call to the county surveyor's office. An assistant to the surveyor quickly appeared and testified to the existence of the Indiana–Kentucky state line as it appeared on a joint exhibit map. Essentially the testimony showed that the arrest was made in Indiana. The trial court recanted from its earlier ruling and found Elkins guilty.

### DISCUSSION AND DECISION

■ In passing, we note that, contrary to assertions at Elkins' trial that venue must be proven beyond a reasonable doubt, it need only be proven by a preponderance of the evidence. *Weiss v. State*, 735 N.E.2d 1194, 1196 (Ind.Ct.App.2000).

Our decision is controlled by *Williams v. State*, 634 N.E.2d 849 (Ind.Ct.App.1994), and the applicable authorities cited therein.

■ The arguments of counsel on both sides notwithstanding, we find that jeopardy attached when the trial judge granted Elkins' motion for a directed verdict.

■ Whether the trial court's action constitutes acquittal for purposes of double jeopardy is not to be ascertained from the form of the judge's action, although the form of the order entered by the trial court should not be ignored, but rather by determining whether the substance of the ruling, whatever its label, actually represents resolution, correct or not, of some or all of the factual elements of the offense charged. *Id.* at 853. A judgment on the evidence entered pursuant to a defendant's motion on the grounds that the State had failed to prove venue is an acquittal. *Id.* at 853. A judgment of acquittal, even where it is based upon an egregiously erroneous foundation, stops the retrial of the defendant. *Id.* at 892.

Although *Williams* concerns the attempt at a second trial, we find that the proposition of prohibiting the prosecution from supplying evidence that it failed to muster the first time around, is equally applicable to the facts of this case.

### CONCLUSION

We refrain from further comment about the course and conduct of this trial. This cause is reversed and remanded with the

trial court ordered to enter a judgment of acquittal.

RILEY, J., and BAILEY, J., concur.