**QUIGG TRUCKING, sometimes also known as Charles Quigg Trucking, Appellant–Defendant,**

**v.**

**Christian A. NAGY and Autumn Bell Nagy, Appellees–Plaintiffs.**

No. 79A05–0110–CV–465.

Court of Appeals of Indiana.

June 20, 2002.

Jay T. Hirschauer, Logansport, IN, Attorney for Appellant.

Jason W. Bennett, Brent E. Clary, Lafayette, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant Appellant Quigg Trucking, sometimes known as Charles Quigg Trucking ("Quigg Trucking") appeals from a jury verdict for Plaintiffs Appellees Christian A. Nagy and Autumn Bell Nagy (the "Nagys").

We affirm.

### ISSUES

Quigg Trucking raises one issue for our review, which we restate as:

I.  Whether the trial court erred in granting the Nagys' motion to re-open their case-in-chief after Quigg Trucking had made a motion for judgment on the evidence.

The Nagys raise one issue on cross-appeal, which we restate as:

II. Whether an award of appellate attorneys' fees is appropriate.

**410**

*FACTS AND PROCEDURAL HISTORY*

On April 7, 1999, a semi-truck owned by Quigg Trucking and driven by Chadd M. Quigg ran a stop sign. Christian Nagy, who had the right-of-way, was unable to stop his vehicle in time to avoid a collision with the truck. Christian sustained several serious injuries, including a closed-head injury and a back injury requiring vertebral fusion.

The Nagys filed suit against Quigg Trucking, claiming that Chadd M. Quigg, the son of Quigg Trucking's owner, was acting as Quigg Trucking's agent at the time of the collision. At the jury trial on the Nagys' claim, the Nagys introduced evidence in support of their claim but neglected to introduce evidence showing that Quigg Trucking owned the vehicle involved in the collision or that Chadd Quigg was working for Quigg Trucking at the time of the collision. After the Nagys rested their case, Quigg Trucking made a motion for judgment on the evidence pursuant to Indiana Trial Rule 50(A)(1). The Nagys then made a motion to reopen the case, and the trial court granted the motion for the sole purpose of allowing the Nagy's to present evidence on the issue of the omitted evidence. This evidence took the form of Quigg Trucking's and Chadd Quigg's answers to interrogatories in which it was admitted that Quigg Trucking owned the vehicle and Chadd Quigg acted as agent at the time of the collision. The jury ultimately rendered a verdict in the Nagys' favor. Quigg Trucking now appeals.

*DISCUSSION AND DECISION*
### I. GRANT OF MOTION TO REOPEN CASE

Quigg Trucking contends that at the time it made its T.R. 50(A)(1) motion, it was entitled to judgment on the evidence because the Nagys failed to present any evidence to prove either that Quigg Trucking owned the vehicle that caused the collision or that Chadd Quigg was operating as its agent at the time of the collision. Quigg Trucking also contends that the trial court erred in allowing the Nagys to reopen their case when a T.R. 50(A)(1) motion for judgment on the evidence previously had been made. T.R. 50(A)(1) provides in pertinent part that where all or some of the issues in a case tried before a jury are not supported by sufficient evidence, the trial court "shall withdraw such issues from the jury and enter judgment thereon[.]" The rule further provides that a party may move for a judgment on the evidence "after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence[.]"

The existence of an agency relationship is normally a question of fact for the jury's resolution. *State v. Halladay*, 176 Ind.App. 43, 374 N.E.2d 51, 53 (1978). An entity charged with vicarious liability, however, "may be entitled to judgment as a matter of law 'where the facts are undisputed and there is no evidence in support of the conclusion that a master-servant relationship existed.'" *Id.* (quoting *Watson v. Tempco Transportation, Inc.*, 151 Ind.App. 644, 281 N.E.2d 131, 134 (Ind.Ct. App.1972)). Here, during their case-in-chief the Nagys introduced evidence sufficient to show only that Chadd Quigg negligently operated the vehicle that caused the collision. This evidence was insufficient to support a reasonable inference that Quigg Trucking was the owner of the vehicle. It was also insufficient to support a reasonable inference that Chadd Quigg was operating the vehicle as an employee of Quigg Trucking. Accordingly, at the time the T.R. 50(A)(1) motion was made, the Nagys had failed to introduce any evidence establishing Quigg Trucking's liability. Recog-

nizing this failure, the Nagys made their motion to reopen their case.

Before T.R. 50 took effect in 1970, there were a number of Indiana cases holding generally that a trial court had the discretion to reopen a case and permit additional evidence. In *Farmer v. Werner Transportation Co.*, 152 Ind.App. 609, 284 N.E.2d 861, 866 (1972), this court held that the decision of whether to allow plaintiffs to reopen their case in a negligence action was within the "sound discretion of the trial judge." In *Luckett v. State*, 259 Ind. 174, 284 N.E.2d 738, 745 (1972), our supreme court held that the decision of whether to allow the State to reopen its case in chief was a matter of discretion for the trial court that would be upheld absent a showing of "clear abuse." Also, in *Preuss v. McWilliams*, 141 Ind.App. 602, 230 N.E.2d 789, 792 (1967), this court held that the discretion to decide whether to allow plaintiffs to reopen a case was "final," and it could not be set aside absent a finding of an abuse of discretion after the trial court's decision was "examined and confined to the issues of the particular case."

There were also pre–1970 cases holding that a trial court had the discretion to reopen a case and permit additional evidence after the defendant had made a motion that is the functional equivalent of a T.R. 50 motion. In *Modern Woodmen of America v. Jones*, 52 Ind.App. 149, 98 N.E. 1006 (1912), the plaintiff rested her case against the defendant insurer without presenting the proof of her husband's death that was required by the insurance policy. The insurer moved the trial court to instruct the jury that there was no liability on its part under the evidence presented. The plaintiff then asked leave to introduce the required proof, and over the insurer's objection, the trial court allowed the plaintiff to reopen her case. On appeal, this court noted that "the reception of additional evidence out of the usual order is within the sound discretion of the trial court." *Id.* at 1007. The court then held that the trial court properly exercised its discretion. *Id.*

In *Sanders v. Ryan*, 112 Ind.App. 470, 41 N.E.2d 833, 835 (1942), the plaintiff, in her case-in-chief, failed to present evidence in support of her claim that the driver of the vehicle that caused her injuries was engaged within the scope of his employment for the defendant at the time the accident occurred. After the trial court sustained the defendant's motion for a directed verdict, the plaintiff made a motion to reopen the evidence. The trial court denied the motion. On appeal, this court noted that the motion to reopen was directed to the "sound discretion" of the trial court and that the trial court's decision would not be overturned absent an abuse of that discretion. *Id.* The court then found that the trial court had abused its discretion in denying the plaintiff's motion. *Id.* at 836. In so doing, the court noted that:

> While a trial judge has some discretion in refusing a request to reopen the case to supply testimony adequate to avoid a nonsuit, yet this discretion should be liberally exercised in behalf of allowing the whole case to be presented. It is the usual course to allow the additional evidence, and, whenever the trial judge refuses to allow it, some good reason should appear for such exercise of his discretion. The trial of a case is not a mere game for testing the skills and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining truth.

*Id.* (quoting *Ellenberg v. Southern Railway Co.*, 5 Ga.App. 389, 63 S.E. 240, 241 (1908)).

In the later case of *Maxey v. State*, 251 Ind. 645, 244 N.E.2d·650 (1969), *cert. denied*, 397· U.S. ·949, 90 S.Ct. 969, 25 L.Ed.2d 130 (1970), the State failed to present evidence of venue before resting its case for murder against the defendant. The defendant moved for directed verdict, and the State responded by moving to reopen its case to present additional evidence. The trial court granted the State's motion, the State put on evidence of venue, the jury found the defendant guilty, and the defendant appealed. On appeal, this court noted that the defendant had not shown that he was ·unfairly prejudiced by the ·reopening of the case as "the only detriment to the defense resulted from a more complete presentation of all the facts relating to the crime with which the appellant was charged." *Id.* at 654, 244 N.E.2d 650. Accordingly, the court held that the trial court did not abuse its discretion in admitting the additional evidence after the State had rested its case. ·*Id.*

■ Quigg Trucking recognizes that the pre–1970 cases provided substantial discretion to the trial court to allow a party to reopen its case. It argues, however, that a trial court's exercise of such discretion after a T.R. 50(A)(1) motion has been made would serve to "completely obliterate, void, and ignore the plain dictates of Trial Rule 50.'' Appellant's Brief at 16.

There are some significant differences between how Indiana's T.R. 50, pertaining to judgment on the evidence, and the corresponding Federal rule, pertaining to judgment as a matter of law, are applied. *See* Harvey, 3 *Indiana Practice* § 50.1, p. 297 (1988 ed.). However, both rules require the party moving for judgment to state its reasons for so moving. In subsection (D), our rule states that a motion or request for judgment on the evidence "shall state the reasons therefor[.]" Similarly, Federal Rule 50(a)(2) states that a

motion for judgment as a matter of law shall specify "the laws and the facts on which the moving party is entitled to the judgment." The Seventh Circuit has observed that the intent of this requirement under the federal rule is "to alert the opponent to deficiencies that he may still have time to repair—by asking to reopen his case in chief, or by reshaping his cross-examination of the defendant's witnesses, or by putting in evidence in rebuttal to the defendant's case." *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1388 (7th Cir. 1984). This observation has been made by other federal circuits and the federal rules advisory committee. *See e.g., Morrison Knudsen Corp. v. Fireman's Fund Insurance,* · 175 F.3d 1221, 1259–60 (10th Cir. 1999); *Waters v. Young*, 100 F.3d 1437, 1442 (9th Cir.1996); *Holmes v. United States*, 85 F.3d 956, 962 (2d Cir.1996); *see also*, Fed.R.Civ.P. 50(a)(2) advisory committee's note ·(1991 amend.) (stating that the purpose of the requirement "is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked").

■ We hold . that our requirement T.R. 50(D) should be interpreted in the same manner as the requirement in Fed.R. 50(a)(2). The purpose of the rule is to assure the full presentation of evidence, not to penalize trial counsel or a party when an important piece of evidence has been overlooked in the presentation of a case. Of course, the trial court retains the discretion to deny a motion to reopen evidence and grant a motion for judgment on the evidence under the appropriate circumstances, *e.g.* when reopening the evidence would unfairly prejudice the other party, *Maxey, id.*, when reopening the evidence would implicate double jeopardy, *Elkins v. State*, 754 N.E.2d 643, 644 (Ind.Ct. App.2001), *trans. denied*, or when evidence

was affirmatively and dishonestly withheld during the case in chief, *Preuss, id.*

In the present case, the Nagys had already marked the interrogatory answers as exhibits but had inadvertently failed to present them as evidence. Because the answers came from the defendant and his son/employee, the reopening of the evidence did not cause any unfair surprise or prejudice to Quigg Trucking. Instead, reopening the case had the salient effect of assuring a full presentation of all the evidence. Under these circumstances, we conclude that the trial court did not abuse its discretion in allowing the Nagys to reopen the evidence after Quigg Trucking made its T.R. 50(A)(1) motion.

## II. APPELLATE ATTORNEYS' FEES

The Nagys contend on cross-appeal that they are entitled to an award of appellate attorneys' fees. They base their contention on their belief that (1) Quigg Trucking's appeal is frivolous; (2) Quigg Trucking failed to abide by the appellate rules; and (3) Quigg Trucking made disparaging remarks about opposing counsel and the trial court.

Indiana Appellate Rule 66(E) provides that this court and our supreme court "may assess damages if an appeal, petition, or motion, or response is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." We have awarded appellate attorneys' fees to a party when the opposing party's appeal was "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Catellier v. Depco, Inc.,* 696 N.E.2d 75, 79 (Ind.Ct.App.1998). Although this rule provides us with discre-

tionary authority to award damages, we must use extreme restraint because of the potential chilling effect upon the exercise of the right to appeal. *Donaldson v. Indianapolis Public Transportation Corp.,* 632 N.E.2d 1167, 1172 (Ind.Ct.App.1994) (quoting *Orr v. Turco Manufacturing Co.,* 512 N.E.2d 151, 152 (Ind.1987)). A strong showing is required to justify an award of appellate attorneys' fees, and the sanction is not imposed to punish lack of merit unless appellant's contentions and arguments are utterly devoid of all plausibility. *Kuehl v. Hoyle,* 746 N.E.2d 104, 110 (Ind. Ct.App.2001).

In its appellate briefs, Quigg Trucking chose to contend that T.R. 50(A) has served to limit a trial court's discretion when ruling on a motion to reopen evidence. In making its contention, Quigg Trucking chose to distinguish pre–1970 cases that gave the trial court absolute discretion and to emphasize those cases where the trial court exercised its discretion to either deny a motion to reopen evidence or grant the functional equivalent of a T.R. 50(A)(1) motion. Quigg Trucking's arguments, though unavailing, are certainly plausible. Accordingly, Quigg Trucking's appeal is not frivolous.

In its appellate briefs, Quigg Trucking failed to meet the requirement of Indiana Appellate Rule 46(A)(6)(b) that it present the statement of the facts in a light most favorable to the judgment. This failure, though of some significance, is not the type of flagrant violation of the rules which would support a finding of bad faith under the "procedural bad faith" classification set forth in *Boczar v. Meridian Street Foundation,* 749 N.E.2d 87, 95 (Ind.Ct. App.2001) and other cases.[1]

---

1. We note that the Nagys failed to provide pinpoint cites. Such cites are required by Indiana Appellate Rule 22(A). *See Catellier,*

696 N.E.2d at 79. Furthermore, the Nagys' practice of providing cites in footnotes fails to comply with the requirement in T.R. 22 that a

Furthermore, Quigg Trucking made an isolated critical observation about the failure by the Nagys' counsel to present necessary evidence during its case in chief. Also, it made an ambiguous sports analogy which could be, but certainly doesn't have to be, interpreted as critical of the trial court. These statements do not warrant an award of appellate attorney's fees under App.R. 66(E).

## CONCLUSION

Quigg Trucking has failed to convince us that the trial court abused its discretion in allowing the Nagys to reopen their case. Quigg Trucking's appeal, however, was neither frivolous nor taken in bad faith. Accordingly, we decline the Nagys' invitation to award appellate attorneys' fees.

The judgment below is affirmed, and the request on cross-appeal is denied.

KIRSCH, J., and MATTINGLY–MAY, J., concur.

party follow the dictates of the Uniform System of Citation (Bluebook).