**117 REPUBLIC LIMITED PARTNERSHIP,**
Petitioner,

v.

**BROWN TOWNSHIP ASSESSOR,** Mooresville Township Assessor, Morgan County Assessor, and Morgan County Property Tax Assessment Board of Appeals, Respondents.

No. 49T10–0510–TA–82.

Tax Court of Indiana.

July 27, 2006.

Jeffrey T. Bennett, Bradley D. Hasler, Bingham McHale LLP, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Dawn D. Cummings, Jennifer E. Gauger, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondents.

## ORDER ON PETITIONER'S MOTION FOR REMAND

FISHER, J.

117 Republic Limited Partnership (117 Republic) has appealed the Indiana Board of Tax Review's (Indiana Board) final determination valuing its real property as of the March 1, 2003 assessment date. This matter is currently before the Court on 117 Republic's Motion for Remand to the Indiana Board (motion). In its motion, 117 Republic requests this Court to remand the case to the Indiana Board so that it can consider certain evidence that was acquired after the administrative hearing.

## FACTS AND PROCEDURAL HISTORY

117 Republic owns a one-story industrial building and the ten acres it sits on in Morgan County, Indiana (Property). For the March 1, 2003 assessment, the Morgan County Property Tax Assessment Board of Appeals (PTABOA) assigned 117 Republic's Property a value of $1,017,900 ($142,800 for land and $875,100 for improvements).

117 Republic filed a Petition for Review of Assessment with the Indiana Board (Form 131) on September 14, 2004. In its

---

Form 131, 117 Republic claimed that the assessed value of its Property was higher than its market value-in-use.

The Indiana Board held a hearing on 117 Republic's Form 131 on December 2, 2004. During the hearing, 117 Republic indicated that the market value-in-use of its Property was best represented by the arms-length transaction that occurred on February 3, 2003, in which 117 Republic purchased the Property. More specifically, 117 Republic explained that it purchased the land and improvements on that date for $610,000.[1] Consequently, 117 Republic asserted that when the sale price of the Property was "trended back" to reflect the Property's value as of January 1, 1999, the value of the Property should be $536,000.[2] (*See* Cert. Admin. R. 143, 189 (footnote added).)

After the December 2, 2004 hearing, 117 Republic began to market the Property for sale. As part of that process, 117 Republic had its Property appraised (Appraisal). The Appraisal stated that the Property's value as of April 5, 2005, was $720,000.

On August 19, 2005, nine months after the Indiana Board hearing, 117 Republic sought to submit the Appraisal to the Indiana Board as post-hearing evidence. 117 Republic maintained that the Appraisal was highly probative because the appraised value of $720,000 was consistent with the 2003 allocated purchase price for the Property. On August 29, 2005, the Indiana Board issued an order denying 117 Republic's motion to submit the post-hear-

---

1. The record reflects that Woods Industries, Inc., sold the Property and its related personal property to 117 Republic and another party, Indiana Copper Fabricators, LLC, for a price of $1,900,000. The parties to the transaction allocated $610,000 of the purchase price to the purchase of the real property and $1,290,000 to the purchase of the tangible personal property. (*See* Cert. Admin. R. at 122–132.)

2. Indiana's assessment regulations provide that all assessments between March 1, 2002 and March 1, 2005 should reflect the property's value as of January 1, 1999. *See* 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (incorporated by reference at IND. ADMIN. CODE tit. 50, r. 2.3–1–2 (2002 Supp.)) at 2, 4.

ing evidence. On the same day, the Indiana Board issued its final determination upholding 117 Republic's assessment.

117 Republic filed an original tax appeal on October 13, 2005. The Court heard the parties' oral arguments on June 5, 2006. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ This Court gives great deference to final determinations (and orders) of the Indiana Board when it acts within the scope of its authority. *See Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals*, 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2006).

■ The party seeking to overturn an Indiana Board final determination bears the burden of proving its invalidity. *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax

Ct.2003). In order to meet that burden, the party seeking reversal must have submitted, during the administrative hearing, probative evidence regarding the alleged assessment error. *Id.* (footnote omitted). If that party meets its burden of proof and prima facie establishes that the Indiana Board's final determination is erroneous, the burden then shifts to the opposing party to rebut the challenging party's evidence. *See Meridian Towers East & West v. Washington Twp. Assessor*, 805 N.E.2d 475, 479 (Ind. Tax Ct.2003).

## DISCUSSION AND ANALYSIS

■ The Indiana Board is required to base its final determinations "exclusively upon the evidence on the record in the proceeding and on matters officially noticed in the proceeding." IND.CODE ANN. § 6–1.1–15–4(*l*) (West 2005). Accordingly, the Indiana Board has promulgated a rule that provides:

> No post hearing evidence will be accepted unless it is requested by the administrative law judge or the [Indiana Board]. The administrative law judge will set a deadline for the submission of any requested evidence and specify the address to which the post hearing evidence must be submitted.[3]

IND. ADMIN. CODE tit. 52, r. 2–8–8(a) (2004) (footnote added).

Nevertheless, 117 Republic contends that the Indiana Board erred when it refused to accept and consider the Appraisal as post-hearing evidence. More specifically, 117 Republic argues that by not accepting the Appraisal, the Indiana Board "abused its discretion [in that it violated] the strong common law preference in favor

---

**3.** Similarly, this Court has held that a taxpayer who disputes an assessment must furnish any probative evidence supporting its claim during the administrative hearing process. *See, e.g., College Corner, L.P. v. Dep't of Local*

*Gov't Fin.*, 840 N.E.2d 905, 907 (Ind. Tax Ct.2006) (citing *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax Ct.2003)).

of a full presentation of the merits[.]" (Pet'r Br. at 3.) In support of this argument, 117 Republic relies on numerous decisions of the Indiana Court of Appeals upholding a trial court's discretion to allow one party in a civil action to reopen its case and submit additional evidence. (*See* Pet'r Br. at 3–4 (citing *Quigg Trucking v. Nagy*, 770 N.E.2d 408 (Ind.Ct.App.2002); *In re D.Q.*, 745 N.E.2d 904 (Ind.Ct.App. 2001)).)

The Appraisal that 117 Republic petitioned the Indiana Board to consider as post-hearing evidence was submitted on August 19, 2005, nine months after the Indiana Board's administrative hearing and just ten days before its final determination was actually issued. (*See* Cert. Admin. R. at 20.) Neither the administrative law judge nor the Indiana Board requested post-hearing evidence. In fact, the administrative law judge specifically stated during the December 2, 2004 hearing that "[n]o additional evidence will be accepted." (Cert. Admin. R. at 219.)

The Indiana Board's refusal to consider the Appraisal was not an abuse of discretion.[4] 117 Republic owned the Property at the time of the assessment and in the time period through the close of the administrative hearing. Thus, the Appraisal could have been obtained and submitted prior to or during the hearing process.[5] Whether or not 117 Republic obtained and submitted the Appraisal during the administrative hearing process amounts to a decision entirely within 117 Republic's control as to how to try its case before the Indiana Board.[6]

On the facts presented here, this Court need not address 117 Republic's argument that the Indiana Board's regulation prohibiting all post-hearing evidence might be arbitrary.[7] The procedural process for challenging an assessment up to and

---

4. The facts in this case are distinguishable from those in the two Court of Appeals cases cited to by 117 Republic. For instance, in *Nagy*, the Court of Appeals determined that the trial court did not abuse its discretion in admitting additional evidence after the plaintiffs had rested their case, because the evidence had been previously marked by the plaintiffs as exhibits but was inadvertently excluded. *Quigg Trucking v. Nagy*, 770 N.E.2d 408, 413 (Ind.Ct.App.2002). By marking the evidence as exhibits, the defendant was aware of its existence even though it was inadvertently excluded. Here, in comparison, 117 Republic did not possess the Appraisal and there was no context under which its existence was known prior to or during the administrative hearing process.

In *In re D.Q.*, the Court of Appeals affirmed the trial court's reopening of evidence after both parties had rested because the case involved the potential termination of parental rights and the post-trial evidence went to the affected parent's ability to obtain suitable housing for her children. *In re D.Q.*, 745 N.E.2d 904 (Ind.Ct.App.2001). The parent had simply been unable to find such housing prior to the trial and petitioned the court immediately upon finding such housing. *Id.* at 908. Here, in contrast, it was not impractical or impossible for 117 Republic to have obtained the Appraisal prior to the hearing.

5. 117 Republic theorizes that because it obtained the Appraisal in connection with the subsequent potential sale of its Property and not in conjunction with its assessment challenge, it could not have known that such evidence could be available at the time of the hearing. (*See* Pet'r Br. at 4.) This Court does not buy into this theory.

6. Further, the timing of 117 Republic's motion, just ten days prior to issuance of the Indiana Board's final determination, does not help 117 Republic's argument, as the Appraisal was obtained four months earlier. The admission and consideration of the Appraisal would likely have required further delay in the final determination's issuance.

7. For instance, 117 Republic argues that while the Indiana Board rejected its motion to consider the Appraisal as untimely, "there is no statute or regulation that sets any time by which a motion to submit post-hearing evidence must be filed." (Pet'r Br. at 5.)

through the date of the Indiana Board's hearing provides a taxpayer with ample and sufficient opportunity to present evidence supporting its position. Given the volume of properties subject to assessment and subsequent assessment challenges, the efficient administration of the property tax system requires that taxpayers diligently pursue and gather relevant information and evidence in preparation for their administrative hearings. The property tax system also requires that there be finality to the process of evidence submission. It should also be noted that the enforcement of the limitations on the submission of post-hearing evidence promulgated by the Indiana Board is only relevant to the assessment year at issue and the taxpayer will be entitled to submit any such evidence in the normal course of challenging any subsequent assessments.[8]

## CONCLUSION

For the above stated reasons, 117 Republic did not establish that the Indiana Board abused its discretion in refusing to allow 117 Republic to supplement the administrative record with post-hearing evidence. Accordingly, 117 Republic's motion for remand is DENIED. The Court will schedule a hearing for arguments on the merits of the case under separate cover.

---

8. Indeed, 117 Republic submitted the Appraisal with favorable results in the final determinations of the assessments for assessment years 2004 and 2005. (Pet'r Reply Br. at 4.)